# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ALEX RAHMI,**

    **Appellant,**

v.                                                   **CIVIL ACTION No.: 3:17-CV-105 (GROH)**

**UNITED STATES TRUSTEE,**

    **Appellee.**

## MEMORANDUM OPINION AND ORDER
## AFFIRMING THE BANKRUPTCY COURT'S ORDER

On August 24, 2017, Alex Rahmi ("Appellant") filed a Notice of Appeal from Bankruptcy Court. ECF No. 1. Subsequently, the Appellant filed his Brief on November 2, 2017. ECF No. 20. The United States Trustee ("Appellee") filed its Brief on November 30, 2017. The Appellant also filed a "Reply and Show Cause for the Effect of Dismissal for Appellant Bankruptcy Petition." ECF No. 22. Upon review and consideration of the parties' briefs, the record and pertinent case law, a hearing is not necessary. Based upon the following, the bankruptcy court's decision is affirmed.

The sole issue before this Court is whether the bankruptcy court abused its discretion by denying the Appellant's motion to vacate an order denying him a chapter 7 discharge. Based upon the following, the bankruptcy court's Order shall be affirmed.

Given the narrow issue before this Court, there is no reason to reiterate the Appellant's lengthy bankruptcy history. Suffice it to say that the Appellant's 60(b) motion

before the bankruptcy court sought to "undo everything that has occurred in this case dating back to at least 2014." ECF No. 21-1 at 1.

The Federal Rules of Bankruptcy Procedure explicitly incorporate Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024. As the bankruptcy court correctly determined, Rule 60 governed the court's consideration of the Appellant's motion below. Specifically, the bankruptcy court found, construing the Appellant's motion liberally, that only 60(b)(2) and (6) were applicable. The bankruptcy court determined that the Appellant failed to satisfy the threshold elements for relief as required by the Rule. See ECF No. 21-1 at 3–5.

District courts review the denial of a Rule 60 motion for reconsideration under an abuse of discretion standard. See Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 n.7 (1978); Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008); In re Wilson, 248 B.R. 745, 748 (M.D.N.C. 2000). "The appeal does not raise the merits of the underlying decision of which the appellant sought reconsideration." Snyder v. Internal Revenue Service, Civil No. L-07-255, 2007 WL 4287529 (D. Md. Mar. 8, 2007) (citing Browder, 434 U.S. at 263 n.7). To be clear, this Court is not tasked, nor permitted, to review the underlying merits of the bankruptcy court's decision. Instead, this Court's sole function is determining whether the bankruptcy court's denial of the Appellant's Rule 60(b) motion was an abuse of discretion. This Court finds that there was no abuse of discretion.

The bankruptcy court's findings that the motion was untimeliness with regard to subsection (b)(2), and even assuming timeliness for subsection (b)(6) failed to show that

this Court's prior Order in a criminal proceeding would provide Appellant with a meritorious defense; not cause unfair prejudice to the UST; and exceptional circumstances support relief.

In short, the bankruptcy court conducted a thorough and legally sound analysis of the Appellant's motion below, and nothing in the record indicates to this Court that the bankruptcy court abused its discretion. Accordingly, the bankruptcy court's August 23, 2017 Order in Case No. 12-bk-200, Adversary No. 14-ap-41 is hereby **AFFIRMED**. Accordingly, the Appellant's Motion for Stay [ECF No. 23] and Emergency Motion for Release of Personal Vehicles [ECF No. 25] are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to remove this action from the Court's active docket and to transmit this Order to all counsel of record. The Clerk is further **DIRECTED** to mail a copy of this Order to the *pro se* Appellant certified mail, return receipt requested.

**DATED**: February 22, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE